JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

County in which action arose: Macomb

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Stephanos Tsianikas

### DEFENDANTS
Universal Fuel, LLC

**(b)** County of Residence of First Listed Plaintiff: Macomb
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Disability Advocates of Michigan, David S. Parnell/Sean R. O'Mara
21929 E. Nine Mile Rd., St. Clair Shores, MI 48080
(586)200-6404

Attorneys *(If Known)*
Potter, DeAgostino, O'Dea & Patterson, Rick J. Patterson/Steven M. Potter
2701 Cambridge Ct., Ste. 223, Auburn Hills, MI 48326
(248)377-1700

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☒ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1331

Brief description of cause:
denial of public accommodation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 25,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: December 27, 2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes   ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

Notes : _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANOS TSIANIKAS,

    Plaintiff,

v.

UNIVERSAL FUEL, LLC,

    Defendant.

Civil Action No. _____

Lower Court Case No. 2018-004406-CZ

| DISABILITY ADVOCATES OF MICHIGAN<br>DAVID S. PARNELL (P77628)<br>SEAN R. O'MARA (P76140)<br>Attorneys for Plaintiff<br>21929 E. Nine Mile Rd.<br>Saint Clair Shores, MI 48080<br>(586) 200-6404 / Fax (586) 445-2399<br>OMaraLawFirmPC@gmail.com<br>David@Parnellfirm.com | POTTER, DeAGOSTINO, O'DEA & PATTERSON<br>STEVEN M. POTTER (P33344)<br>RICK J. PATTERSON (P55706)<br>ROBERT C. CLARK (P76359)<br>Attorneys for Defendant<br>2701 Cambridge Court, Ste. 223<br>Auburn Hills, MI 48326<br>(248) 377-1700 / Fax (248) 377-0051<br>spotter@potterlaw.com<br>rjpatterson@potterlaw.com<br>rclark@potterlaw.com |
|---|---|

## NOTICE OF REMOVAL

Defendant, Universal Fuel, LLC, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal, removing Case No. 2018-004406-CZ from the Macomb County Circuit Court for the State of Michigan to the United States District Court for the Eastern District of Michigan, the judicial district in which this action is pending.

Plaintiff filed his Complaint against Defendant in the Circuit Court for the County of Macomb on November 13, 2018, and served Defendant on November 29,

2018. Removal to this Court is proper pursuant to 28 U.S.C. § 1441 and § 1446.

28 U.S.C. §1441 provides that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United states for the district and division embracing the place where such action is pending." This court has original jurisdiction over this matter pursuant to 28 U.S.C. §1331. Plaintiff alleges a violation of the Americans with Disabilities Act, 42 U.S.C. §12181 *et. seq.*

This notice is being filed in this Court pursuant to 28 U.S.C. §1446(a) and is being filed within 30 days of receipt of service by Defendant of Plaintiff's Complaint. Attached hereto as Exhibit A are true and correct copies of all process, pleadings, and orders served upon Defendant in this action, including the original Complaint, as provided by 28 U.S.C. §1446(a).

All the requirements for removal being met, removal is proper pursuant to 28 U.S.C. §1441.

Dated:  December 27, 2018

s/RICK J. PATTERSON (P55706)
POTTER, DeAGOSTINO, O'DEA & PATTERSON
Attorneys for Defendant
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com

2

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys and such filing has been served on the following non-ECF participants: Macomb County Circuit Court, through its TrueFiling system, and David S. Parnell and Sean R. O'Mara, by first class mail through the U.S. Postal Service, at 21929 E. Nine Mile Rd., Saint Clair Shores, MI 48080.

/s/RICK J. PATTERSON (P55706)
Attorney for Defendant
2701 Cambridge Court, Suite 223
Auburn Hills, Michigan 48326
(248) 377-1700
rjpatterson@potterlaw.com

POTTER, DeAGOSTINO, O'DEA & PATTERSON

# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN<br>16th  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS | CASE NO.<br>2018-004406-CZ |
|---|---|---|

Court address: 40 N. Main Street, Mount Clemens, 48043

Court telephone no.: 586.469.5208

**Plaintiff's name(s), address(es), and telephone no(s).**
STEPHANOS TSIANIKAS

v

**Defendant's name(s), address(es), and telephone no(s).**
UNIVERSAL FUEL, LLC
c/o Agent: Dennis Bostick
32900 Dequindre
Warren, MI 48092

**Plaintiff's attorney, bar no., address, and telephone no.**
David S. Parnell (P77628)
DISABILITY ADVOCATES OF MICHIGAN, PLLC
21929 Nine Mile Rd
Saint Clair Shores, MI 48080
P: 586.445.0110

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a **written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date | Court clerk |
|---|---|---|
| NOV 13 2018 | FEB 12 2019 | Kaitly Smith |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

STEPHANOS TSIANIKAS,

    Plaintiff

v.

UNIVERSAL FUEL, LLC,

    Defendant.

Case No: 2018-004406-CZ

Hon. KATHRYN A. VIVIANO

_____/

**Disability Advocates of Michigan, PLLC**
David S. Parnell (P77628)
Sean R. O'Mara (P76140)
Attorneys for Plaintiff
21929 E. Nine Mile Rd
Saint Clair Shores, MI 48080
P: (586) 200-6404
F: (586) 445-2399
E: OMaraLawFirmPC@gmail.com
E: David@Parnellfirm.com

RECEIVED NOV 13 2018

_____/

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE ALLEGED IN THE FOLLOWING COMPLAINT.

## COMPLAINT

Plaintiff, Stephanos Tsiakanikas, individually, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel hereby brings an action for declaratory judgment, injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and its implementing regulations (the, "ADA"); and the Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301 (the "PWDCRA") against Defendant, Universal Fuel, LLC.

## JURISDICTION AND VENUE

1. Plaintiff, Stephanos Tsiakanikas, is an individual residing in the City of Clinton Township, in the County of Macomb, MI.

2. Universal Fuel, Defendant, owns and/or operates a place of public accommodation located at 1950 Twelve Mile Road, Warren, MI 48092 also known as *"Sunoco Gas."*

3. Defendant owns commercial property and leases to a place of public accommodation as defined by the ADA (42 U.S.C. § 12181(7)) and the regulations implementing the ADA, specifically to a franchise known as *'Sunoco Gas'* that Plaintiff was patron in October of 2018 and encountered physical barriers to entry existing at Defendant's property.

4. Venue is properly located in the Circuit Court of Macomb County of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

5. Plaintiff's federal ADA claim is properly before this Court because state courts enjoy concurrent jurisdiction over such claims. *See Peden v. City of Detroit*, 470 Mich. 195 (2004); *citing Gulf Offshore Co. v Mobil Oil Corp.*, 453 U.S. 473, 478 (1981).

## Introduction

6. This is a civil rights action against Defendant for its discrimination against persons with a disability by their failure to provide equal access to its public facility in violation of the mandates of the ADA.

7. The ADA is the central civil rights law protecting people with disabilities. The ADA uses different means than other civil rights laws, but the purpose of the laws is the same: the eradication of discrimination, as one legal scholar explained the similarity: A single step in front of a store may not immediately call to mind images of Lester Maddox standing in the door of his restaurant

to keep blacks out. But in a crucial respect they are the same, for a step can exclude a person who uses a wheelchair just as surely as a no-blacks-allowed rule can exclude an entire class of people. *Samuel Bagenstos*, The perversity of Limited Civil Rights Remedies; *The Case of "Abusive" ADA Litigation*, 54 UCLA L. Rev. 1, 23 (2006).

8. Though disability rights laws are supposed to prevent the continued isolation and segregation of people with disabilities in the same tradition as other civil rights laws, some appear to regard disability rights requirements - particularly those involving physical access requirements, such as ramps and hand rails - as different, and less important, than other civil rights, *Id.* at 24. Some also appear to assume that ADA cases are unnecessary drains on courts. But private enforcement is central to accomplishment of the ADA's rightful purposes and, as has been demonstrated repeatedly, compliance does not happen without the credible threat of private enforcement. *Id.* at 9.

9. Title III of the ADA (42 U.S.C. § 12181) broadly protects the rights of individuals with disabilities to independently and equally access places of, "public accommodation" It requires places of public accommodation to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. §1218. Defendant owns and operates a place of public accommodation for purpose of the ADA. *Id.*

10. The Department of Justice (DOJ) has promulgated rules implementing Title III of the ADA, including the 1991 and the subsequent 2010 Standards for Accessible Design. The Standards set forth various standards for places of public accommodation under Title III to follow in order to make their facilities independently accessible to persons with disabilities. At issue here are several of the Standards specifically aimed at making places of public accommodation accessible to and independently usable by persons with disabilities.

11. Plaintiff Mr. Tsiakanikas is paralyzed from the waist down with no use of his legs. He is dependent solely on a wheelchair for his mobility. Plaintiff visited Defendant's premises in October of 2018 and, as set forth with specificity below, encountered unlawful and discriminatory barriers to equal and independent access and enjoyment of the premises.

12. Upon arrival at Defendant's property, Plaintiff immediately encountered difficulty with ingress and egress using his wheelchair, Defendant's property has approximately 4-inch curb that surrounds the Defendant's retail convenience store and cash register. The curb barrier surrounds its entrance that makes entry and egress impossible for a wheel chair bound individual, such as the Plaintiff. The curb barrier also surrounds all restrooms available to the public, located along side the retail store at Defendant's property.

13. Defendant's 4-inch curb constitutes an absolute barrier to entry for wheelchair bound persons such as the Plaintiff and other similarly situated individuals and is therefore a per se violation of the ADA.

14. Defendant's premise fails to provide for any specifically identified handicapped accessible parking, accessibility ingress/egress route, or wheelchair loading area.

15. Defendant's property, specifically the "Sunoco Gas" located at 1950 Twelve Mile Road violates the ADA, regulations implementing the ADA, and the PWDCRA.

16. The significance of the kind of violations at issue here was highlighted in hearings preceding the ADA's passage when the National Council on Disability reported to Congress that: The survey results dealing with the social life and leisure experiences paint a sobering picture of an isolated and secluded population of individuals with disabilities. A large majority of people with disabilities do not go to movies, do not go to the theater, do not go to see musical performances, and do not go to sports events. A substantial minority of persons with disabilities

never go to a restaurant, never go to a grocery store, and never go to a church or synagogue. The extent of non-participation of individuals with disabilities in social and recreational activities is alarming. (S. Rep. No. 116, 101st Cong., 1st Sess. 10-11 (1989)).

17. The Supplementary Information of 28 C.F.R. § 36 provides, among other things, as follows:

> "Some of the most frequently cited qualitative benefits of increased access are the increase in one's personal sense of dignity that arises from increased access and the decrease in possibly humiliating incidents due to accessibility barriers. Struggling to use a non-accessible facilities negatively affects a person's sense of independence and can lead to humiliating incidents, derisive comments, or embarrassment. These humiliations, together with feelings of being stigmatized as different or inferior from being relegated to use other, less comfortable or pleasant elements of a facility (such as a bathroom instead of a kitchen sink for rinsing a coffee mug at work), all have a negative impact on persons with disabilities."

18. Plaintiff seek a permanent injunction, pursuant to 42 U.S.C. § 12182(b)(2) and 28 C.F.R. § 36.504(a) enjoining the Defendant from continuing its discriminatory practices; including an order directing Defendant to make readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the PWDCRA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

19. The Plaintiff further seeks an order requiring Defendant to pay his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 or as otherwise provided by law and such other relief as it deems just and proper, and/or is allowable under Title III of the ADA and the PWDCRA.

20. Despite passage of the ADA more than 28 years ago, to this date, Defendant's property is not fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers and take the actions clearly required of it by the ADA, even though such actions are readily achievable, and Defendant's conduct constitutes an ongoing and continuous violation of the law.

### The ADA and Implementing Regulations

21. More than twenty-eight years ago, on July 26, 1990, President George H.W. Bush signed into law the ADA (42 U.S.C. § 12101, et seq.), a watershed civil rights act prohibiting discrimination on the basis of disability. The ADA broadly protects the rights of individuals with disabilities with respect to employment and access to State and local government services and places of public accommodation.

22. In connection with the passage of the ADA, Congress made findings that: Historically, society has tended to isolate and segregate individuals with disabilities. . . . discrimination against individuals with disabilities continues to be a serious and pervasive social problem. (42 U.S.C § 12101).

23. The stated that the purpose of the ADA is to: Provide a clear and comprehensive mandate for the elimination of discrimination against individuals with disabilities. . . . Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities and invoke the sweep of congressional authority, including the power to enforce the Fourteenth Amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by individuals with disabilities. *See* 42 U.S.C. § 12101(b)

24. 28 C.F.R. § 36.304 sets forth the following order of priorities for all places of public accommodation: *First*, measures to provide access to the place of public accommodation

(business) from public sidewalks, parking, or public transportation. These measures include, for example, installing an entrance ramp, widening entrances, and providing accessible parking spaces. *Second*, measures to provide access to those areas where goods and services are made available to the public. These measures include, for example, adjusting the layout of display racks, rearranging tables, providing brailed and raised character signage, providing wheelchair accessible tables/desks, widening doors, providing visual alarms, and installing ramps. *Third*, measures to provide access to restroom facilities. These measures include, for example, removal of obstructing furniture or vending machines, widening of doors, installation of ramps, providing accessible signage, widening of toilet stalls, and installation of grab bars. *Fourth*, any other measures necessary to provide access to the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

25. The ADA "places the highest priority on measures that will enable individuals with disabilities to physically enter a place of public accommodation. This priority on 'getting through the door' recognizes that providing actual physical access to a facility from public sidewalks, public transportation, or parking is generally preferable to any alternative arrangements in terms of both business efficiency and the dignity of individuals with disabilities." 28 C.F.R. §36 (Supplementary Information).

26. 28 C.F.R. § 36.201 (b) provides that both the landlord who owns a building that houses a place of public accommodation and the tenant who owns or operates a place of public accommodation subject to the requirements of the ADA.

27. Title III of the ADA prohibits discrimination by places of "public accommodation," as that term is defined by 42 U.S.C. § 12181(7). It requires places of public accommodation to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12182.

28. On July 26, 1991, the Department of Justice issued rules implementing Title III of the ADA, which are codified at 28 C.F.R. Part 36.

29. Appendix A of the 1991 Title III regulations (republished as Appendix D to 28 CFR Part 36) contains the 1991 ADA standards for Accessible Design (the 1991 Standards). The 1991 Standards were based on the Americans with Disabilities Act Accessibility Guidelines (the 1991 ADAAG) published by the Architectural and Transportation Barriers Compliance Board (Access Board) on the same date.

30. In 2004, the Access Board issued final publication of revisions to the 1991 ADAAG (the 2004 ADAAG).

31. The Department of Justice subsequently issued the 2010 Standards for Accessible Design (the 2010 Standards). The 2010 Standards include 28 CFR part 36, Subpart D and the 2004 (ADAAG) found at 36 CFR part 1191, appendices B and D. (*See* Department of Justice 2010 ADA Standards for Accessible Design, at P. 1).

32. The ADA does not contain any "grandfathering" provision. Instead, all places of public accommodation are subject to the requirements of the 2010 ADA Standards for Accessible Design (the 2010 Standards), which became mandatory on March 15, 2012. The only permissible exceptions are those facilities that fall within the ADA's "safe harbor" provision, codified at 28 U.S.C. 36.304 (d)(2) and appendix to g 36.304 (d). The ADA's safe harbor provision applies to facilities that were either fully compliant with the 1991 ADA Standards for Accessible Design (the 1991 Standards) as of March 15, 2012; or undertook new construction or alterations between September 15, 2010 and March 15, 2012 - in which case they can choose between compliance with either the 1991 or the 2010 ADA standards. *Id.*

## VIOLATIONS AT ISSUE

33. Plaintiff visited 'Sunoco Gas' located at Defendant's property 1950 Twelve Mile and encountered unlawful and discriminatory barriers including, but not necessarily limited to, the following:

   A. Defendant's property entrance has a step / curb of approximately 4 inches that constitutes a barrier to entry and an increase in vertical elevation greater than ¼ inch in violation of 2010 ADA Standards 401 *et seq*; 405.2; 303; 303.1; 303.2; 303.3 and 206.4.

   B. Defendant's property lacks an entrance ramp, having instead an absolute barrier to entry in the form of a ~ 4-inch step in violation of 2010 ADA Standards including but not limited to 401 *et seq*; 405.2 and 206 *et seq*.

   C. The parking lot does not have at least one properly striped van accessible space at least 11 feet wide with an access isle of at least 5 feet wide or at least 8 feet wide with an access isle of at least 8 feet wide in violation of the 2010 ADA Standards, 208.2, 502.2, 502.3, 502.3.3, 208.3.1 and the 1991 ADA "Safe Harbor" Standards, 4.6;

   D. There are no parking stall access aisles adjoining an accessible route (s) in violation of the 2010 ADA Standards, 502.3 and the legal ADA "Safe Harbor, Standards, 4.6; lack of proper disabled parking signage in violation of the 2010 ADA Standards 502.6 and the 1991 ADA "Safe Harbor" Standards, 4.6 for reasons that Defendant's premise does not have the required van accessibility designation;

34. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and PWDCRA encountered by Plaintiff or which exist at the facility. In order to fully identify all of the discriminatory conditions at the facility, Plaintiff require an inspection which will be sought in the discovery phase of this litigation.

## VIOLATIONS OF THE AMERICAN'S WITH DISABILITIES ACT
## 42 U.S.C. §§ 12101 *et seq.*

35. Plaintiff incorporate and re-allege the paragraphs above.

36. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 et seq., provides:

    A. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

37. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

38. Title III regulations prohibit discrimination in the activities of places of public accommodation and requires places of public accommodation to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89, 36 C.F.R. part 1191.

39. On July 26, 1991, the Department of Justice ("DOJ") issued rules implementing Title III of the ADA, which are codified at 28 CFR Part 36.

40. Appendix A of the 1991 Title III regulations (republished as appendices B and D to 36 C.F.R. part 1191, and 28 C.F.R. part 36) contains the ADA standards for Accessible Design (1991 Standards), which were based upon the Americans with Disabilities Act Accessibility Guidelines (1991 ADAAG) published by the Access Board on the same date.

41.     42 U.S.C. § 12182(a) provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (*or leases to*), or operates a place of public accommodation."

42.     The ADA also provides a private right of action for preventative relief, including an application for a permanent or temporary injunction or restraining order for "any person who is being subjected to discrimination on the basis of disability in violation of Title III." 28 C.F.R. § 36.501.

43.     The duty of compliance with the ADA is not delegable.

44.     Defendant, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

45.     Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant' property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, et seq., and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

46.     Defendant has discriminated against Plaintiff and others in that it has failed to make its place of public accommodation fully accessible to persons with disabilities on a full and equal

basis in violation of 42 U.S.C. g 12152(a) and the regulations promulgated thereunder as described above.

47. The Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

48. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

49. Plaintiff adopts and restates the allegations stated in the preceding paragraphs as fully stated herein.

50. Defendant, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

51. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

52. Pursuant to M.C.L § 37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

53. With respect to prospective relief, Plaintiff alleges that Plaintiff is suffering a continuing injury or is under a real and immediate threat of being injured in the future.

54. Plaintiff avers that Plaintiff intends to visit Defendant's establishment several times per year in the near future, but is deterred from doing so while Defendant violates the ADA.

55. Plaintiff avers that any voluntary cessation of Defendant's noncompliance with the ADA may be readily reversed by the reinstatement of the barriers to individuals with disabilities. Therefore, injunctive relief should be issued irrespective of Defendant's voluntary cessation.

56. WHEREFORE, Plaintiff demands, for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and, for Count II, compensatory and exemplary damages, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Dated: 11/12/2018

Respectfully Submitted:

By: /s/ *David S. Parnell*
David S. Parnell (P77628)